IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv21

| | |
|---|---|
| UNIQUE PRODUCT SOLUTIONS, LIMITED, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>SMITHWAY, INC., )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on initial review after transfer from the United States Court for the Northern District of Ohio. Review of the district court's Order of transfer reveals that the court disposed of defendant's Amended Motion to Dismiss, or, to Transfer Venue Under 28 U.S.C. § 1404(a) by granting the alternative relief of transfer based on lack of jurisdiction under Rule 12(b)(2), Fed.R.Civ.P. The district court did not, however, reach the merits of defendant's Rule 12(b)(6) motion, in which defendant argued that:

> Moreover, UPS' complaint must be dismissed because it fails to allege sufficient underlying facts from which a court may reasonably infer that Smithway acted for the proscribed "purpose of deceiving the public." 35 U.S.C. § 292. Therefore, the complaint fails to state a claim upon which relief can be granted.

Motion to Dismiss (#13), at p. 2. Review of the docket reveals that such motion has

-1-

been terminated and that no answer has been filed.

Defendant will be required to either file its Answer to the Complaint and/or file a Renewed Motion to Dismiss Under Rule 12(b)(6) within 14 days. In the event defendant elects to proceed with the Rule 12(b)(6) motion, defendant should, in reflecting consultation with opposing counsel (a requirement under L.Cv.R. 7.1), address whether the parties believe that the briefing that has already occurred on the Rule 12(b)(6) motion is adequate or whether the motion requires additional briefing.

Finally, while this action has been identified as a patent action on the court's docket, close review reveals that it is more akin to a *qui tam* action wherein the plaintiff contends that defendant has violated the False Marking Act, 35 U.S.C. § 292,[1]

---

[1] The statute provides, as follows:

(a) Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee; or

Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public; or

Whoever marks upon, or affixes to, or uses in advertising in connection with any article, the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public—

Shall be fined not more than $500 for every such offense.

by purportedly continuing to mark or advertise a product as covered by a U.S. patent after the patent expired. Thus, the undersigned does not believe that this action would fall under the new (and not yet implemented) Local Patent Rules, which are limited to design patents.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant file its Answer to the Complaint and/or file a Renewed Motion to Dismiss Under Rule 12(b)(6) within 14 days.

Signed: February 3, 2011



Dennis L. Howell
United States Magistrate Judge

---

35 U.S.C. § 292(a).